Date      :    May 11, 2005

To        :    All Judges at 500 Pearl Street
               Unit Executives

From      :    Clifford P. Kirsch        CPK

Re        :    Building Evacuation Drill

    There will be an unannounced building evacuation drill this month. It is scheduled for the week of May 16, 2005.

    If you are in the midst of a jury trial, a Court Security Officer will be dispatched to your courtroom to remain with the jurors. The jurors do not need to participate in the drill. As explained on the attached suggested instructions for you to give to everyone in your courtroom, the jurors should be sent to the jury room and told to remain there until the drill is over[1]. The Marshals Service will be responsible for criminal defendants who are in custody, and they know what to do. Everyone else will participate in the evacuation drill.

    As noted, instructions are attached for your use in the event that you are in the courtroom when the drill begins. There are two sets of directions, the first is in the event of an actual emergency, the second to be used for drill purposes.

    Please share this information with your staff and, in order to facilitate re-entry to the courthouse, please ask staff to have their swipe cards and ID's with them.

attachment

---

[1] *If the jury has not begun deliberations, the jurors should be told not to begin deliberations or to discuss the case until the judge advises them to do so. If the jury has begun deliberations they should stop deliberations until the judge advises them to resume.*

## INSTRUCTIONS
## EVACUATION OF COURTROOM
## ACTUAL EVENT

- This is an alarm. Will everyone please return to their seats.

- We will soon be given instructions over our building's public address system or by our floor wardens. In the event that we are told to leave this floor, I want the jury to leave the courtroom first. ***Jurors should not discuss the case with each other or anyone. [If deliberations have begun add: until you have all returned to the jury room and I have given you instructions that you may resume your deliberations.]*** The CSO or my courtroom deputy/law clerk will lead the jury to the stairwell we will use to walk down to the safest location.

- I will follow the jury and everyone else in the courtroom will follow me. We should all walk in single file.

- Please gather your belongings so that we can leave promptly if we are instructed to do so.
**[In the event an order to evacuate is given over the PA system or by the floor warden, continue as follows:]**

- The jury will now follow the CSO or my courtroom deputy/law clerk out the door. Everyone else should follow me. Please stay in a single file. We will be walking down the stairs to___
**[In the event someone is unable to walk down the stairs, add the following:]**

-[Mr./Ms.] should come with us to the stairwell or elevator lobby. We will notify our Fire Command Station that you need assistance and someone will come to this floor to assist you.

## INSTRUCTIONS
## EVACUATION OF COURTROOM
## FIRE OR EMERGENCY DRILL

- This is a drill. The Court is conducting a fire/emergency drill. Will everyone please return to their seats.

- We will soon be given instructions over the building's public address system. In the event we are told to leave this floor, I want the jury to return to the jury room and remain there during the entire drill. ***Jurors should not discuss the case.*** A Court Security Officer will remain with the jury during the drill. Everyone else will participate in the drill.

- Please gather your belongings so that we can leave promptly if we are instructed to do so.
**[In the event an order to evacuate is given over the PA system, continue as follows:]**

-The jury will now return to the jury room and must remain there until instructed to do otherwise. ***Remember, do not discuss the case.*** A Court Security Officer will remain with you during the drill. Everyone else should follow me. Please stay in a single file. We will be walking down the stairs to___
**[In the event someone is unable to walk down the stairs, add the following:]**

-[Mr./Ms.] should come with us to the stairwell [or elevator lobby]. We will notify our Fire Command Station that you need assistance and someone will come to this floor to assist you.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
```
KEITH ELLIS, pro se,

               Plaintiff,

                                       03 Civ. 6562 (DAB)(AJP)
     -against-                      ORDER

SGT. GUARINO, SGT. WOODWARD, C.O.
HINKLEY, C.O. COLLINS, C.O.,
NURSE POWELL, NURSE MURPHY,
NURSE BRANCHE, and NURSE PHILLIPS,

               Defendants.
```
----------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

       The Amended Complaint in the above-captioned case was filed on October 14, 2003. However, the United States Marshals were unable to locate and serve Defendants Murphy, Branche and Phillips within the 120-day period set forth in Federal Rule of Civil Procedure 4(m). Consequently, on August 24, 2004, the Court, pursuant to the Second Circuit's holding in <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997) (per curiam), ordered that the New York State Attorney General "(1) assist the United States Marshals in locating and effectuating service upon Defendants Branch, Murphy and Phillips, or, (2) seek to obtain authority to accept service on these Defendants' behalf." (Order, dated August 24, 2004, at 37). In addition, the Court extended Plaintiff's time to serve these three Defendants until 30 days after the Attorney General notified the Court of these Defendants'

whereabouts and whether he would accept service on their behalves. (Id.).

On September 21, 2004, the Attorney General served an Answer to the Amended Complaint on behalf of Defendants Branche and Murphy but indicated in a letter that he was unable to locate or contact Defendant Phillips, who no longer works for the New York State Department of Correctional Services. (See Defendants' letter to the Court, dated September 21, 2004). Presently, the Courts records indicate that, to date, Plaintiff has still not effectuated service on Defendant Phillips.

Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m). Moreover, while this Court may have been obligated under Valentin to enlist the help of defense counsel in locating Defendant Phillips, the Court is not precluded from now finding "that the information available is insufficient to identify [Defendant Phillips] with enough specificity to permit service of process,

2

so that dismissal of the [claims against her] is warranted." Valentin, 121 F.3d at 76; see also Elliot v. Triangle Housing Devel. Fund Corp., No. 82 Civ. 6152, 1993 WL 88114, at *1 (S.D.N.Y. Mar. 22, 1993) (dismissing for failure to serve after United States Attorney's Office was directed but unable to provide information on federal contractor defendant's whereabouts.)

Accordingly, pursuant to Rule 4(m), Plaintiffs' claims against Defendant Phillips are dismissed without prejudice for failure to serve. In addition, because all remaining Defendants have now answered, the Court can set a briefing schedule for Defendants' motion for summary judgment. (See Order, dated August 24, 2004, at 40 ("Once Defendants Branch, Murphy, and Phillips have either answered Plaintiff's Amended Complaint or been dismissed from the case for lack of service, this Court shall set a summary judgment briefing schedule.")). Defendants shall file and serve their moving papers within 60 days of the date of this Order. Thereafter, Plaintiff shall respond within 60 days of being served with the Defendants' moving papers, and Defendants may then reply within 10 days of being served with

the Plaintiff's response, at which time the motion will be fully-submitted.

SO ORDERED
DATED:  New York, New York
        May 12, 2005

*Deborah A. Batts*
Deborah A. Batts
United States District Judge